IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| STEPHEN S. PUTNAL ) | |
| ) | |
|    Plaintiff ) | |
| ) | CIVIL ACTION |
| v. ) | |
| ) | FILE NO. 5:04-CV-0130-4 |
| THE GUARDIAN LIFE INSURANCE ) | |
| COMPANY OF AMERICA ) | |
| ) | |
|    Defendant ) | |

## PROTECTIVE ORDER

The parties, by and through their counsel of record, hereby stipulate to entry of the following Protective Order to protect and preserve certain confidential and/or proprietary information disclosed in this action.

1.  The Guardian may designate as "confidential" and "proprietary" certain disability income insurance policy forms produced in this action.

2.  The Guardian may designate these materials as confidential and proprietary by either writing, typing or stamping the word "confidential" or "proprietary" or words to that effect on the face of the materials, or by written notice to counsel for the opposing party, before, after, or at the time of production of the materials to counsel for the opposing party, including the description of the materials to be designated as "confidential" or "proprietary." Such written notice must sufficiently describe the confidential materials to distinguish them from other materials produced or available in this action.

3. The special treatment accorded to these confidential documents shall reach at minimum:

a. all copies of confidential documents;

b. all extracts, and complete or partial summaries prepared from such documents;

c. any deposition transcript or exhibit, or portion thereof, that discusses or refers to such documents, copies, extracts, or summaries; and

d. any portion of any discovery answer or response, affidavit, declaration, brief, or other paper filed with the Court, or exhibit thereto, that discusses or refers to such documents, copies, extracts or summaries.

4. <u>Use of "Confidential" Documents at Depositions</u>.  Documents designated and stamped "confidential," and all information contained therein or derived there from, may be used or referred to at depositions, or marked as deposition exhibits, in accordance with the provisions of this Order.  Any "confidential" documents marked as deposition exhibits shall be sealed separately from the remainder of the deposition transcript exhibits.  When a party uses or refers to "confidential" documents or information at a deposition, the portion of the deposition transcript that relates to such documents or information shall be stamped "confidential" and sealed separately from the remainder of the transcript, and shall be treated as "confidential" under the provisions of this Order.

5. <u>Designating Portions of Deposition Transcripts Confidential</u>.  Parties may designate portions of the transcript, or exhibits thereto, as being "confidential."  At the deposition, the parties will attempt in good faith to preliminarily identify and designate "confidential"

testimony and exhibits without prejudice to their right to so designate other testimony or exhibits or withdraw such designation after receipt of the transcript. Confidential deposition testimony or exhibits may be so designated by stamping the exhibits "confidential," or by underlining the portions of the pages that are confidential and stamping such pages "confidential." Parties may designate portions of the transcript that are confidential, the entire deposition transcript, and all exhibits thereto, which will be treated as "confidential" under the provisions of this Order. Once a "confidential" designation is made, the confidential portions and exhibits shall be sealed separately from the portions and exhibits not so marked, and shall be treated as "confidential" under the provisions of this Order.

Parties shall have 30 days from receipt of a transcript to notify opposing party of portions of the transcript it designates to be "confidential." If parties do not designate portions of the transcript confidential within 30 days after receipt of such transcript, the transcript will no longer be deemed confidential.

6. <u>Deposition Testimony and Deposition Inquiries</u>. To the extent that parties inquire or ask questions in deposition of witnesses about confidential documents, such questioning will be deemed to be confidential areas of deposition testimony and may be marked as confidential in accordance with the provisions of paragraph 4 above.

7. <u>Use of "Confidential" Documents in Papers Filed With the Court</u>. Documents designated "confidential," and all information contained therein or derived there from, may be discussed or referred to in pleadings, motions, affidavits, briefs and other papers filed with the Court, or attached as exhibits thereto, provided that such "confidential" documents and

information, and any portion of any paper filed with the Court that discusses or refers to them, are stamped "confidential" and separately filed under seal with the Clerk of Court.

      8.  <u>Use of "Confidential" Documents in Court</u>.  Documents designated "confidential," and all information contained therein or derived there from, may be used or offered in evidence at the trial of this case, or at any court hearing in this litigation, provided that the "confidential" documents and information, and any portion of any transcript or court paper where they are discussed or referred to, are stamped "confidential" and separately filed under seal with the Clerk of Court.

      9.  All materials designated or considered "confidential" or "proprietary" pursuant to this Order shall be used solely for the purposes of this action and shall not be disclosed to anyone, except the parties, counsel for the parties, non-party expert witnesses, the Court pursuant to a valid and lawfully served subpoena or during depositions in this litigation. If any materials designated as "confidential" or "proprietary" are submitted to the Court for filing prior to trial, that material will be filed under seal to preserve confidentiality.  All "confidential" or "proprietary" materials submitted to the Court at trial will be handled in the manner designated by the Court.  Before any material designated "confidential" or "proprietary" is disclosed to any party or non-party expert witness, that person shall read this Order, and sign an Affidavit and Agreement to Be Bound by the terms of this Order in the form and substance attached hereto as Exhibit A; which signed Affidavits shall be retained by counsel making the disclosure, and made available to the Court and counsel producing the

subject materials in the event of any dispute regarding compliance with this Order by the party or expert.

10.  During the course of litigation, any and all material designated Confidential, including copies thereof and any extracts, summaries, compilations, notes, charts or graphs taken there from, shall be retained by the receiving party's counsel and maintained at that counsel's office.  Counsel for the receiving party shall not permit any materials designated Confidential, whatever their form, to be removed or transmitted from the receiving party's counsel's office except for purposes of transporting such materials to a hearing before the Court, deposition, settlement conference or as the parties may otherwise agree.

11.  In the event that materials are produced herein, which in the party's opinion should have been, but were not, designated as "confidential" or "proprietary," such party may designate such material as "confidential" or "proprietary" by notifying counsel for all other parties of this designation as soon as possible.  Upon receipt of such notification, all parties shall treat such material as confidential and shall make reasonable efforts to recall any material which had already been distributed in a manner inconsistent with the terms of this Order.

12.  All "confidential" and/or "proprietary" materials disseminated pursuant to this Order and all copies thereof, other than those filed with this Court, shall be returned to counsel of the producing party at the conclusion of this litigation or alternatively, subject to the agreement of the parties shall be held for a period of not longer than three (3) years; except that copies bearing attorney notes or markings reflecting the thoughts of counsel shall

be destroyed and verification of that destruction shall be provided to counsel for the party producing the materials.

    13. This Order shall be binding upon the parties and their counsel.

This 22nd day of September, 2005.

                                        **s/   Hugh Lawson**
                                        HUGH LAWSON
                                        UNITED STATES DISTRICT JUDGE

Consented to:

_____
James M. Wootan
Georgia Bar No. 776300
J. Christopher Clark
Georgia Bar No. 127353

Attorneys for Plaintiff

544 Mulberry Street
Suite 1001
Macon, Georgia 31201
(478) 743-2370


_____
Michael A. Coval
Georgia Bar No. 190730
Aaron E. Pohlmann
Georgia Bar No. 582685

Attorneys for Defendant
The Guardian Life Insurance Company
of America

CARTER & ANSLEY LLP
Suite 2300
Atlantic Center Plaza
1180 West Peachtree Street
Atlanta, Georgia 30309
(404) 658-9220 - Telephone
(404) 658-9726 - Facsimile