# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | | |
|---|---|---|
| **STEPHEN S. PUTNAL,** | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. 5:04-cv-130-4 |
| | : | |
| **THE GUARDIAN LIFE INSURANCE** | : | |
| **COMPANY OF AMERICA,** | : | |
| | : | |
| Defendant. | : | |

_____

## <u>ORDER</u>

Before this Court is a Motion to Set a Reasonable Fee (Doc. # 52) filed by Defendant,

The Guardian Life Insurance Company of America ("Guardian").  For the reasons set forth

below, the Motion is granted, and the deposition fee set for Dr. Peter O. Holliday, III, M.D.

("Holliday") shall be:

(1)     $500.00 per hour for two hours of medical review prior to deposition =
$1000.00.

(2)     $500.00 for the first hour of deposition and $125.00 for every fifteen minutes
thereafter or fraction thereof, with deposition from 5:35pm to 7:46pm (two
hours and eleven minutes) = $1125.00.

(3)     Total due to Holliday for medical review and deposition = $2125.00

In addition, no attorney's fees shall be awarded to either party in this matter.

## I.    FACTS AND PROCEDURAL HISTORY

Plaintiff Stephen Putnal ("Putnal") filed this case alleging the wrongful denial of long-term disability benefits by Guardian.  Putnal is a nuclear pharmacist who handles radio-pharmaceuticals, such as medication for cancer patients, and also owns several pharmacies and a farm, all of which are income-producing businesses.  Putnal suffered a stroke in October of 1998, filed a disability application, and thereafter received permanent disability benefits from Guardian for more than two years.

However, Guardian claims that in 2001 it learned Putnal had been working more than he claimed to be able to work and was performing tasks he claimed to not be able to perform.  Guardian decided to conduct a series of interviews to determine the status of Putnal's disability, and after the investigation, Guardian's claims adjusters determined that Putnal was only entitled to a "residual" disability payment.  That is, Guardian claims Putnal is able to perform some but not all of his previous employment duties.  Guardian therefore reduced his disability benefits, and Putnal sued Guardian in this Court seeking reinstatement of his permanent long-term disability benefits.

Since this litigation began, the parties have engaged in numerous discovery disputes.  The matter currently before the Court is Guardian's Motion to Set a Reasonable Fee for one of Putnal's physicians.  Putnal originally identified seven expert witnesses, one of whom is Holliday, a neurologist.  Guardian intended to depose Holliday on July 11, 2005, however, there was considerable difficulty serving the deposition subpoena and agreeing on a "reasonable" fee for this particular expert's testimony.

2

Initially Holliday demanded $900.00 for the first hour of a deposition and $1,200.00 per hour thereafter.  Guardian refused to agree to this demand on the ground that it was excessive, and on numerous occasions, Guardian's attorneys attempted, in person and by telephone, to serve Holliday with a subpoena for his deposition.  They were unsuccessful.[1] Subsequently, Holliday increased his demanded fee to $1,800 for the first hour and $2,400 per hour thereafter.  At this point, on June 23, 2005, Guardian filed the present Motion.  The Court, rather than rule on the Motion at that time, instead conducted telephone hearing on the matter on July 7, 2005.  During this call, the Court instructed the parties to proceed with Holliday's deposition forthwith and negotiate a fee afterwards.

Holliday's deposition took place on August 22, 2005; the next day, he submitted a bill to Guardian totaling $3600.00.[2]  Presented with this bill, Guardian offered to pay Holiday $350.00 per hour, the fee that Plaintiff's other treating physician, Al Soltan, M.D., charged for his deposition.  Holliday failed to respond.  Guardian then made a second offer to Holliday, on December 1, 2005, of $500.00 per hour.  On December 6, 2005, Plaintiff's attorney responded that Holliday was willing to reduce his fee to $700.00 for the first hour and $1000.00 for every additional hour, though he still requested $1200.00 for two hours preparation time, and furthermore he believed he was entitled to receive reasonable

---

[1] Guardian alleges Holliday deliberately evaded their attempts.

[2] Holliday's bill consisted of charging: two hours of medical review prior to the deposition at $600.00 an hour (equaling $1200.00) and two hours and eleven minutes of deposition, from 5:35pm to 7:46pm, at $900.00 for the first hour and $300.00 for every fifteen minutes thereafter or fraction thereof (equaling $2400.00).

attorney's fees in connection with the matter.  Finally, Guardian wrote the Court on December 19, 2005, requesting the Court rule on its Motion to Set a Reasonable Fee, based on its conclusion that the parties could not reach an agreement without the Court's involvement.

## II.    ANALYSIS

Federal Rule of Civil Procedure 26(b)(4)(c) provides

> Unless manifest injustice would result, (I) the court shall require that the party seeking discovery pay the expert a reasonable fee for time spent in responding to discovery under this subdivision; and (ii) with respect to discovery obtained under subdivision (b)(4)(B) of this rule the court shall require the party seeking discovery to pay the other party a fair portion of the fees and expenses reasonably incurred by the latter party in obtaining facts and opinions from the expert.

Fed. R. Civ. P. 26(b)(4)(c).

What constitutes a "reasonable" fee for the purpose of Rule 26(b)(4)(c) is within the discretion of the district court to decide.  See, e.g., Mendez v. Unum Provident Corp., 2005 WL 1774323, at *1 (N.D. Cal. July 26, 2005); Edin v. The Paul Revere Life Ins. Co., 188 F.R.D. 543, 545 (D. Ariz. 1999) (citing 8 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure, Civil 2d, § 2034 at 469-70 (2d ed. 1994)).  In determining a "reasonable" fee, the Court may consider

> (1) the witness' area of expertise; (2) the education and training that is required to provide the expert insight which is sought; (3) the prevailing rates of other comparably respected available experts; (4) the nature, quality and complexity of the discovery responses provided; (5) the fee actually being charged to the party who retained the expert; (6) fees traditionally charged by the expert on related matters; and (7) any other factor likely to be of assistance to the court in balancing the interests implicated by Rule 26.

Dominguez v. Syntex Labs., Inc., 149 F.R.D. 166, 167 (S.D. Ind. 1993); see also Edin, 188 F.R.D. at 546 (same).

## A.    Deposition Fees

Guardian argues that a $900.00 to $1200.00 per hour fee for Holliday's deposition is exorbitant, extortionate and unreasonable.  Alternatively, Guardian contends that its offer to pay Holliday $500.00 an hour, the amount requested by another one of Putnal's treating physicians, a comparably respected neurologist, is a reasonable fee.  Holliday's position, however, is that his request for $700.00 to $1000.00 is reasonable, especially given that $900.00 to $1200.00 per hour have been his standard fees for the past two years.

Having considered these arguments, and weighing them in conjunction with the factors listed above, the Court determines that a reasonable fee for Holliday's deposition time is $500.00 for the first hour of deposition and $125.00 for every fifteen minutes thereafter or fraction of.  Therefore, since the deposition lasted from 5:35pm to 7:46pm, or for two hours and eleven minutes, Holliday is entitled to $1125.00.

Furthermore, the Court notes that while Holliday is entitled to charge whatever fees he wishes in private matters, assuming he can find patients to pay them, in a public matter he is limited to charging fees that are perceived by the community and members of his profession as being reasonable.  In the courts, Holliday's personal estimate of what is a reasonable fee for his time shall not be the necessary measure of what constitutes an objectively reasonable fee.  As aptly expressed by our sister court, "the mandate of Rule 26(b)(4)(c) is not that an adverse expert will be paid his heart's desire, but that he will be

5

paid 'a reasonable fee.'" <u>Anthony v. Abbott Lab.</u>, 106 F.R.D. 461, 465 (D.R.I 1985).

This remains true even if his participation is involuntary.  By holding himself out to treat the medical problems of the general public, even in as rarified a specialty as neurology, Holliday exposes himself to the risk that he will have to give deposition testimony regarding his patients.  That activity is not so unusual as to entitle him to fees which are above those routinely charged by members of his profession or which the opposing party has indicated it is willing to pay.

### B.    Preparation Time

Guardian argues that it should not have to pay Holliday any amount, especially not $1200.00, to prepare for his deposition.  Guardian maintains that it did not ask Holliday to prepare for the deposition, nor did it benefit from his having done so.  Holliday, however, responds that had he not prepared for the deposition, it would have taken longer, and that he is entitled to $600.00 an hour for the two hours he spent readying himself.

The Court finds Holliday is entitled to compensation for the time he spent preparing for the deposition, as it is reasonable Holliday would need to review his files to ready himself.  The Court determines that $500.00 per hour, the same amount the Court would have awarded Holliday, had he been forced to review his files during the deposition itself, is a reasonable fee for this preparation time.  Accordingly, for the two hours Holliday spent in preparation, he is entitled to $1000.00.

### C.    Attorney's Fees

Both Guardian and Holliday request the Court award them with attorney's fees for

6

their respective time spent litigating this discovery matter.  It appears to the Court that attorney's fees have been incurred on both sides in an effort to resolve a dispute which should have been resolved without the intervention of the Court.  Therefore, no attorney's fees shall be rewarded.

## III.    CONCLUSION

Defendant's Motion to Set a Reasonable Fee (Doc. # 52) is granted.  Let judgment be entered accordingly.

SO ORDERED, this the 22nd day of December, 2005.


/s/ Hugh Lawson
**HUGH LAWSON, JUDGE**


pdl

7